**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BARRY WELLS**                                                            **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:10cv261-TSL-MTP**

**JOHN PRICE, ET AL.**                                                **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before court on the Plaintiff's [38] "Dual Motion and Pition (sic) to Challenge the Law of the State of Mississippi and the Defendants Affirmative Defense Relying on the Laws of the State of Mississippi as State Defendants Agents."[1]  Having considered the motion, the undersigned recommends that it be denied.

In his Motion [38], Plaintiff appears to challenge the affirmative defenses raised by Defendants Sue Watts and Wykeshia Jones[2] in their Answer [16].[3]   However, he does not identify the affirmative defenses he wishes to challenge.  He also requests "punitive judgement (sic) and federal review of the constitutional correctness of the state laws and the defendants pike county department of human services procedures for use of informants Tip, for Non-Criminal inspections of homes."  Motion [27] at 1.  He claims that the Defendants' use of confidential informants violated his Fourth Amendment rights.

Liberally construing Plaintiff's Motion [28], the court considers it a motion for summary judgment.  Summary judgment is only proper when "the pleadings, the discovery and disclosure

---

[1]This motion was referred by the district judge.  *See* Order [39].

[2]Defendants Watts and Jones are identified in Plaintiff's Complaint as Suesan Watts and Rahkisha Jones.

[3]Defendants John Price and Sherlly Andrews have been dismissed.  *See* Orders [13][18].

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion . . . ." *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Plaintiff has failed to meet his burden of establishing the absence of a genuine issue of material fact. *See Hibernia*, 776 F.2d at 1279. He offers no evidentiary support for the allegations made in his one-page motion. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (stating that "unsubstantiated assertions are not competent summary judgment evidence"). Accordingly, the undersigned concludes that the motion should be denied.[4]

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Plaintiff's [38] "Dual Motion and Pition (sic) to Challenge the Law of the State of Mississippi and the Defendants Affirmative Defense Relying on the Laws of the State of Mississippi as State Defendants Agents" be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[4]Defendants also argue that Plaintiff's motion is premature. However, if construed as a motion for summary judgment, the motion is timely pursuant to Fed. R. Civ. P. 56(b).

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 7th day of November, 2011.

s/ Michael T. Parker
United States Magistrate Judge

3